JIM ROBERTS, BRADY ROBERTS AND PERCY ROBERTS, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed Aug. 1, 1916.

1. When the *voir dire* examination discloses that an impartial jury was readily selected from a distant portion of the county, there is no error in refusing a change of venue.

2. The trial of a homicide one month after its commission did not under the circumstances show undue haste.

3. Upon proof of a conspiracy to commit murder the court may instruct that it is immaterial which one of the conspirators fired the fatal shot, and that a doubt as to that identity would not destroy the State's case.

4. The court should not instruct upon the credibility of a particular witness, not an accomplice.

5. While it is the better rule to instruct, if requested by the defendant, that "no presumption of guilt arises from the failure

of the defendant to take the stand and testify in his own behalf," yet other charges sufficiently cured the omission.

6. The evidence supports the verdict.

Writ of Error to Circuit Court, Santa Rosa County; A. G. Campbell, Judge.

Judgment affirmed.

(*Shackleford, J.,* dissenting.)

*Clark & Magaha,* for Plaintiffs in Error;

*T. F. West, Attorney General,* and *Glenn Terrell, Assistant,* for the State.

COCKRELL, J.—Death sentences were pronounced against these brothers for the murder of one Emily Wyman.

Motions for continuance and for change of venue, based upon an asserted aroused public excitement, were interposed and denied.

The murder was committed June 15, 1915, these men were arrested on the 19th, counsel were retained by them on the 21st, who were notified June 26th that a special term would be held on July 5, to investigate the crime. The term was called, the indictment found July 12, the defendants were arraigned and pleaded and the case set for July 15. The jury was selected with reasonable promptness, the *voir dire* disclosing that the talesmen came from the other side of the county, distant thirty or forty miles from the scene of the crime and possessed only a moderate interest in the case as an item of news.

The examination negatived the suggestion of an inflamed public opinion.

It is true that these defendants were removed to a neighboring county by the sheriff, but there is nothing to indicate that this action on the part of the sheriff was occasioned by other than temporary causes that speedily ceased.

Though the time intervening the arrest and the trial was less than usual, we cannot say that it was not sufficient to enable these defendants to prepare their defense. Judging from the vigor of the cross-examination of the State's witness and the number of witnesses appearing for the defendant, their attorneys had both the time and the incentive to give the State a vigorous fight.

These defendants were indicted jointly with John Barbaree and Elder Mitchell as to whom there was a severance. The court charged to the effect that these defendants could be convicted if present aiding, abetting and assisting, even though the actual shooting was done by Barbaree or Mitchell. There is' no criticism of the charge in the abstract, but it is urged that there is no proof that Barbaree or Mitchell did the shooting. There was testimony that Barbaree took Mitchell's gun and went towards Wyman's house with two of the Roberts just before the shooting took place, together with proof of a conspiracy among all five to commit the murder. The main purpose of the charge was to advise the jury that it was immaterial which one of the conspirators actualy fired the fatal shot, and that a doubt as to that identity would not destroy the State's case.

The court refused to instruct as follows: "The court especially instructs you that in considering any testimony that may be before you from any person testifying as to any alleged confession, either oral or written, obtained

by him from any of the defendants, the defendants not suspecting his object, and while such person was feigning friendship and pretending to assist in the defense of such defendants, you should, exercise greater care than in the case of witnesses wholly disinterested."

In Holland v. State, 39 Fla. 178, 22 South. Rep. 298, we decided that the court determines the admissibility, and the jury the credibility of confessions, and that the court should not shift its responsibility upon the jury. The witness who testified as to the confessions and at whom this instruction was aimed, was not an accomplice, but merely a fellow prisoner who apparently upon his own initiative, undertook to entrap these defendants into a confession, and we see nothing in this to warrant the court, confined by the statute to charging only upon the law of the case, to warn the jury especially as against this witness.

In its general charge the court told the jury to consider the intelligence, interest, bias or prejudice of any witness testifying, the reasonableness of his testimony and the circumstances surrounding the witness at the time concerning which he testifies, and the other evidence tending to corroborate or contradict that testimony. The caution here requested was directed to the credibility of the witness, not to the subject-matter of the testimony.

The court instructed the jury to exercise caution in the consideration of the testimony of the accomplice Elder Mitchell, and under the circumstances of this case, we find no reversible error in its refusal to charge in the very language requested by the defendants.

The defense requested the court to charge that "no presumption of guilt arises from the failure of any defendant to take the witness stand and testify in his own

behalf," and this request was refused. It may be noted that two of the defendants testified and one did not.

Our statute, Section 3979, General Statutes of 1906, reads: "In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, and, a defendant offering no testimony shall be entitled to the concluding argument before the jury."

We have never been called upon to pass upon the right of a defendant to demand such an instruction, but other courts due in large part to slight changes in the verbiage of kindred statutes, have expressed variant views. An extended note to the case of State v. Wisnewski, 13 N. Dak. 649, 102 N. W. Rep. 883, appearing in 3 Ann. Cas. 907, collates many decisions on the point.

While we incline to the view that the better rule is to give this instruction if requested by the defense, as tending to secure him in his absolute right to silence, yet we have come to the conclusion that no error appears on this record. Whatever of doubt may arise from reading the evidence in cold type as to the two brothers who took the stand and who undertook to establish an alibi through the testimony of others, the State's case is exceptionally strong as against the silent one. Moreover at the request of the defendants the court instructed the jury that "the presumption of innocence remained with the defendants until overcome with legal evidence." Taking the charge as a whole we are reasonably satisfied that the jury was directed to find the verdict upon the evidence adduced by the State, and, not to indulge pre-

sumptions of guilt from any failure of the defense to produce exculpatory testimony.

Without further discussion we find the other refused instructions sufficiently covered by the general charge. Exceptions taken to various rulings upon the admissibility of evidence are admittedly of minor consideration and will not be treated in this opinion. They have received our careful consideration and are not sustained. The proof of the authorship of the notes in the nature of confessions was sufficiently proven.

The alleged insufficiency of the evidence is urged upon us with such commendable zeal as to cause us to give its consideration more care than is usual even in capital cases, yet we discover no such weakness in the State's case as to call for our interference with the finding of the jury that has met with the approval of the trial judge.

Finding no reversible error, the judgment is affirmed.

TAYLOR, C. J. and WHITFIELD and ELLIS, JJ. concur.

SHACKLEFORD, J. dissents.