## PLOUGH CHEMICAL CO. v. BULLION.

(Court of Appeals of District of Columbia. Submitted January 16, 1925. Decided April 6, 1925.)

No. 1693.

1. Trade-marks and trade-names and unfair competition ⊚➞43—Word-mark "Black and White" not deceptively similar to word-mark "Red and White."

Word-mark "Black and White" *held* not deceptively similar to word-mark "Red and White."

2. Trade-marks and trade-names and unfair competition ⊚➞43—Trade-marks held not deceptively similar.

Trade-mark consisting of square divided into four equal triangles, two of which were bright red, alternating with two white ones, *held* not deceptively similar to label design divided by a diagonal line into two parts, one white and the other black, with the words "Black and White" printed thereon.

Appeal from Commissioner of Patents.

Application by Isadore Bullion for registration of trade-marks, opposed by the Plough Chemical Company. From a decision dismissing the opposition, opposer appeals. Affirmed.

E. W. Bradford, of Washington, D. C., for appellant.

C. L. Parker, of Washington, D. C., and J. W. Farley, of Memphis, Tenn., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This appeal relates to two several applications filed by the party Bullion for the registration of certain trade-marks, and the oppositions of the Plough Chemical Company thereto. The two issues are similar in character, and were submitted together.

[1, 2] In one case, the trade-mark for which the applicant sought registration consists of the words "Red and White," while the trade-mark of the opposer is composed of the words "Black and White." In the other case, the mark sought to be registered consists of a square divided by two diagonal lines into four equal triangles, two of which are bright red in color, alternating with two white ones. The opposer's trade-mark in that case is a label design, divided by a diagonal line into two parts, one white, the other black, with the words "Black and White" printed thereon. The respective trade-

marks are used upon the same general class of goods, consisting of skin ointments, hair dressing, cold cream, talcum powder, liniments, tonics, and similar articles.

The present decision, of course, must depend upon whether there is a sufficient resemblance in point of sight, sound, or sense, between the competing trade-marks, as to be likely to deceive others, especially ordinary purchasers buying under usual conditions, so as to pass the goods of one party off as the goods of the other. This is almost exclusively a question of fact, and the record accordingly contains considerable testimony upon the subject. The Assistant Commissioner held in favor of the applicant in each case, and dismissed the oppositions.

We shall not enter into a detailed discussion of the evidence in the case, since this would amount to no more than a repetition of the views set out in the decision of the Assistant Commissioner. We content ourselves with saying that the opposer's word-mark, "Black and White," should not prevent a registration of the applicant's word-mark, "Red and White." The respective terms naturally suggest contrast, rather than identity, when applied to articles of merchandise. As to the figured marks, we may say that the marks themselves furnish convincing proof of the absence of a deceptive resemblance between them. They differ materially in color and design, and are not likely to deceive or mislead anybody.

The decisions in question are affirmed.