### HO–RO–CO MFG. CO. v. MALONE.

(Court of Appeals of District of Columbia. Submitted November 13, 1925. Decided December 7, 1925.)

No. 1774.

1. **Trade-marks and trade-names and unfair competition** ☞44—Question of similarity of trade-marks held not before court on appeal in registration proceedings.

Question whether trade-marks are deceptively similar is not before court, where appellant has acquiesced in commissioner's finding that they were deceptively similar, and appeals only from ruling on rehearing that goods on which mark was to be used possessed same descriptive properties as goods on which previously registered mark was used.

2. **Trade-marks and trade-names and unfair competition** ☞44—In registration proceedings, question of opposer's title, first raised on appeal, not considered.

On appeal from Commissioner of Patents, in proceedings for registration of trade-marks, question of opposer's title to her mark, not previously raised, nor made ground of assignment of error, will not be considered, under court rule 5, § 3, notwithstanding rule 8, § 5, relating to court's notice of plain errors not assigned.

3. **Trade-marks and trade-names and unfair competition ⊘—31—Toilet preparations and preparations for treatment of hair and hair dressings are goods of same descriptive properties.**

Toilet preparations, as powders, creams, rouge, etc., and preparations for treatment of hair and hair dressings, are goods of same descriptive properties, within meaning of Trade-Mark Act (Comp. St. § 9485 et seq.).

Appeal from Commissioner of Patents.

Proceeding by the Ho-Ro-Co Manufacturing Company for registration of trade-mark, opposed by Annie M. Malone, doing business under the style of Poro College. From a decision of the Commissioner of Patents in favor of opposer, appellant appeals. Affirmed.

William F. Small, of Washington, D. C., and W. K. Small, of St. Louis, Mo., for appellant.

J. D. Rippey and L. C. Kingsland, both of St. Louis, Mo., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office, sustaining in part the opposition of the appellee to the registration by the appellant of the mark "Ho-Ro-Co," for use on a variety of toilet and medicinal preparations.

Appellee is the owner and user of the mark "Poro," which it applies to preparations for the treatment of the hair and to hair dressings. The Examiner of Interferences ruled that the two marks were deceptively similar; that hair restorer, hair tonic, dandruff remedy, hair shampoo, and depilatory powders were of the same descriptive properties as the goods of appellee, and hence that the opposition should be sustained to that extent. Appellant acquiesced in this decision and filed an amendment to its application, eliminating the articles named in the Examiner's decision. The appellee alone appealed, and in the first decision of the Assistant Commissioner, who heard the case, the decision of the Examiner was reversed. On motion of the Ho-Ro-Co Company a rehearing was had, at which that company conceded "that the question of similarity of the marks of the respective parties is not before the Commissioner."

The Assistant Commissioner then ruled that the medicinal preparations put out by the Ho-Ro-Co Company were not goods of the same descriptive properties as the goods of the opposer, but that the toilet preparations were goods of the same descriptive properties. In his decision the Assistant Commissioner said: "'It is to be remembered, however, that Malone [appellee] runs a college for the training of persons who establish so-called beauty parlors for colored people. There may have been a time in our civilization when women were satisfied to have the hair alone treated, but it does not behoove us to shut our eyes to the facts, which are patent everywhere, that at the present time the activities of beauty parlors go much further than the hair. Certainly, they include the use, application, and sale of talcum and complexion powders, cold cream, vanishing cream, massage cream, hair restorer for promoting the growth of the hair, hair tonic and dandruff remedy, hair shampoo, compact face powder, face rouge, lip rouge, eyebrow pencils, nail polish, toilet water, and possibly bay rum." The Assistant Commissioner, therefore, was of the view that these goods were of the same class, and that, even if Malone did not handle toilet preparations, the natural expansion of her business would include them. The Ho-Ro-Co Company alone appealed.

[1] It is apparent, from the statement of the case, that the question of similarity of the marks is not before us; appellant having acquiesced in the decision of the Examiner of Interferences that the marks were similar.

[2] One other question is as easily disposed of here. Evidence was introduced by the opposer as to her title to the mark "Poro." In the petition for rehearing filed by the Ho-Ro-Co Company, this question was not raised, and the assignments of error before us contain no mention of this contention. Appellant, however, attempts to invoke section 5 of rule 8 of the rules of this court, which reads: "Errors not assigned, according to the rule of the court, will be disregarded, though the court, at its option, may notice and pass upon a plain error not assigned." But this rule presupposes consideration and exception below. Section 3 of rule 5 provides that this court will not decide any point or question not fairly presented for decision by the court below. See Cooper v. Sillers, 30 App. D. C. 567; Nicolopole v. Love, 39 App. D. C. 343, 47 L. R. A. (N. S.) 949; Traver v. Smolik, 43 App. D. C. 150; Dixon v. Gt. Falls & O. D. Ry., 43 App. D. C. 206. There is no room here, of course, for the application of the rule that in certain criminal cases errors may be noticed although there be no

objection, exception or assignment. See Freed v. U. S., 266 F. 1012, 49 App. D. C. 392.

[3] We agree with the ruling below that the toilet preparations, preparations for the treatment of the hair, and hair dressings are goods of the same descriptive properties, within the meaning of the Trade-Mark Act (Comp. St. § 9485 et seq.). See Plough Chemical Co. v. Bullion, 5 F.(2d) 117, 55 App. D. C. 294; Cal. Packing Corp. v. Price-Booker Mfg. Co., 285 F. 993, 52 App. D. C. 259; E-Z Waist Co. v. Reliance Mfg. Co., 286 F. 461, 52 App. D. C. 291; Simplex Elec. Heating Co. v. Gold Car H. & L. Co., 43 App. D. C. 28.

The decision is affirmed.

Affirmed.