**Joseph J. BUSH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Arthur H. OTEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 20313, 20314.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 20, 1966.

Decided Feb. 17, 1967.

Petition for Rehearing En Banc in No. 20,314 Denied May 18, 1967.

Mr. Robert W. Alvord, Washington, D. C. (appointed by this court), for appellant in No. 20,313.

Mr. George P. Lamb, Jr., Washington, D. C. (appointed by this court), for appellant in No. 20,314.

Mr. Peter Bouxsein, Atty., Dept. of Justice, of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Charles L. Owen, Asst. U. S. Attys., were on the brief, for appellee. Miss Carol Garfiel, Asst. U. S. Atty., also entered an appearance for appellee.

Before BURGER, WRIGHT and ROBINSON, Circuit Judges.

BURGER, Circuit Judge.

Otey appeals from a conviction on four counts of possession and transferring narcotics in separate transactions on August 10 and September 17, 1965. Bush appeals from a conviction of aiding and abetting the unlawful transfers; possession charges as to him were dropped.

The chief witness for the prosecution was a narcotics officer who had been operating as an "undercover" agent at the time of the acts charged. His testimony was that he had seen and talked with Bush on several occasions prior to August 10, 1965; on that date the officer and Bush contacted Otey and arranged a sale. A similar train of events occurred on September 17, 1965.

■■ At trial Appellants requested that the instruction cautioning a jury to receive testimony of accomplices and

informants with care and caution be given with respect to the officer's testimony; this was denied. On appeal the only point raised is that this court should adopt a rule that the jury must be instructed that the uncorroborated testimony of a police narcotics officer must be viewed with suspicion and acted upon with caution.[1] Alternatively, Appellants seem to ask that such a rule be made applicable to "new recruits" or "novice police officers," as Appellants classify the officers here involved. We reject these contentions.

It would be anomalous indeed to single out police officers and include them in a category with the so-called police informant, sometimes less euphemistically described as a "stool pigeon." The law has recognized that some witnesses, the accomplice and informant, for example, should in some circumstances be the subject of a cautionary instruction when requested.[2] But it would be a dismal reflection on society to say that when the guardians of its security are called to testify in court under oath, their testimony must be viewed with suspicion. This would be tantamount to saying that police officers are inherently untrust-

worthy.[3] The cure for unreliable police officers is not to be found in such a shotgun approach.

■■■■ The traditional safeguards of the Anglo-American legal system "leave the veracity of a witness to be tested by cross-examination, and the credibility of his testimony to be determined by a properly instructed jury." Hoffa v. United States, 385 U.S. 293, 311, 87 S.Ct. 408, 418 (1966). It is common experience with respect to a witness to show that he is very old or very young, very experienced or the contrary, that his eyesight, hearing or memory is bad, or that he has ulterior motives for distorting or falsifying. These traditional safeguards may be applied to police officers as well as to other witnesses,[4] but it is quite another thing to hold that a jury must be told by the judge that narcotics agents or police officers as a class are inherently untrustworthy. Each witness appears before a jury on his own; jurors may believe or disbelieve, accept or discount, testimony on the basis of what the witness says and does or on the basis of impeachment evidence. If the witness is a "novice" or "rookie" undercover agent, this may be shown for what it is worth;[5]

---

1. Appellant Otey also requests that we adopt a rule that a narcotics conviction resting upon the testimony of an undercover officer can only be sustained if there is independent corroboration of the elements of time, place, circumstances and identification. We have repeatedly rejected such a contention and there is no occasion to reconsider these prior decisions. *E. g.*, Wilson v. United States, 118 U.S. App.D.C. 319, 320, 335 F.2d 982, 983 (1963).

2. See Matthews v. United States, 115 U.S. App.D.C. 339, 340, 319 F.2d 740, 741 (1963) (accomplice); Cratty v. United States, 82 U.S.App.D.C. 236, 242, 163 F.2d 844, 850 (1947) (informant); Fletcher v. United States, 81 U.S.App.D.C. 306, 307, 158 F.2d 321, 322 (1946) (informant-addict); Freed v. United States, 49 App. D.C. 392, 394–395, 266 F. 1012, 1014–1015 (1920) (accomplice); *cf.* Hoffa v. United States, 385 U.S. 293, 312 n. 14, 87 S.Ct. 408, 439, 17 L.Ed.2d 374 (1966).

3. Appellants cite Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150 (1952), for the proposition that police officers have been the subject of cautionary instructions. *Kelly* is not applicable. First, the decision there was that the *evidence* was insufficient to support the conviction. Secondly, the case involved a sex offense where "courts have traditionally been unusually skeptical toward the accusation," *supra* at 128, 194 F.2d 153. Finally, *Kelly* involved a non-jury trial. Thus, the question of a cautionary instruction was not and could not have been involved.

4. Indeed, the undercover officer in the instant case was the subject of rigorous cross-examination.

5. Appellants rely on Woody v. United States, 125 U.S.App.D.C. ——, 370 F.2d 214 (1966), to support their position that the "rookie" agent here was an unreliable witness. In that case, however, only one judge expressed concern that the lack of long experience adversely affected the officer's reliability as a witness.

that he works openly in uniform or covertly in "plain clothes" has no significance which affords any basis whatever for a rule that jurors must be warned to view him with suspicion or consider his testimony with caution.[6]

The contentions urged on us by Appellant are without merit but we have treated them to settle them and avoid further treatment on a case by case basis should they be asserted again.

Affirmed.

6. The instruction given by the trial judge in the instant case was fair; the jury was instructed to consider bias, prejudice, and any interest in the outcome of the case which a witness might have, and to give an officer's testimony no weight different from that given any other witness simply because he was an officer.