## MUNDY v. UNITED STATES.

### No. 10048.

United States Court of Appeals
District of Columbia Circuit.

Argued May 9, 1949.

Decided May 31, 1949.

Mr. Myer Koonin, Washington, D.C., for appellant.

Mr. Cecil R. Heflin, Assistant United States Attorney, Washington, D.C., with whom Mr. George Morris Fay, United States Attorney, Washington, D.C., was on the brief, for appellee.

Mr. John D. Lane, Assistant United States Attorney, Washington, D.C., also entered an appearance for appellee.

Before CLARK, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

PER CURIAM.

Jett P. Mundy was found guilty of assault with a dangerous weapon and of carrying a pistol without a license. He appeals.

One of the grounds for reversal assigned by the appellant is the court's refusal to instruct with respect to the testimony of a prosecuting witness, "* * * if the jury believed he did not have lighter fluid poured on him, that he was lying about that, then they could disregard all or part of his testimony." It was unnecessary, and might even have been improper, for the court to give that instruction, since the general charge included the following: "It is within your discretion to disregard in whole or in part the testimony of any witness whom you believe to have testified falsely concerning a material fact about which the witness could not reasonably have been mistaken."

The appellant's remaining assignment of error is the trial court's failure to define "reasonable doubt" in instructing the jury. In that connection the court said to the jury,

"You understand what I mean when I say 'reasonable doubt.'

"The Court has instructed you on reasonable doubt many, many times, and of course, if you have a reasonable doubt as the Court has explained that term to you, in this case you must resolve that doubt in favor of the defendant and acquit him."

 The jurors who found Mundy guilty had been serving some two or three weeks and all of them had heard in other cases a proper definition of reasonable doubt. It was that experience to which the trial judge referred. At the conclusion of his charge, the judge called counsel to the bench and invited suggestions as to further instructions, but the appellant did not ask that the term "reasonable doubt" be defined or further explained, nor was objection made to the omission of its definition.

Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., contains this language: " * * * No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, * * *."

The appellant's silence at the bench was a waiver of the court's omission of a definition of reasonable doubt. It is true we have sometimes noticed an error in a serious criminal case, despite the appellant's waiver, if we regarded it as having manifestly prejudiced the appellant. But the jurors who found Mundy guilty were obviously familiar with the meaning of reasonable doubt, so that it is unlikely any prejudice resulted from the court's failure to repeat the definition. But aside from this, the case is not one in which a disregard of the rules should be condoned. To this we add that we regard it as better practice to define the term in each case no matter how experienced the jurors may be.

Affirmed.