## VILLAROMAN v. UNITED STATES.
### No. 10469.

United States Court of Appeals
District of Columbia Circuit.

Argued April 24, 1950.

Decided July 24, 1950.

Mr. Saul G. Lichtenberg, Washington, D. C., with whom Mr. Joseph J. Philips, Washington, D. C., was on the brief, for appellant.

Mr. Frank H. Strickler, Assistant United States Attorney, with whom Messrs. George Morris Fay, United States Attorney, and Joseph M. Howard, Assistant United States Attorney, were on the brief, for appellee.

Before STEPHENS, Chief Judge, and PROCTOR and WASHINGTON, Circuit Judges.

PROCTOR, Circuit Judge.

This appeal is from a judgment of conviction for assault with a dangerous weapon.[1] Two questions are involved, which will be dealt with in order.

### I.

During cross-examination of the complaining witness Cox, appellant sought to show that Cox had a pending suit against appellant for $50,000 for injuries from the

---

1. 22 D.C.Code (1940) § 502.

"Every person convicted of an assault with intent to commit mayhem, or of an assault with a dangerous weapon, shall be sentenced to imprisonment for not more than ten years. (Mar. 3, 1901, 31 Stat. 1321, ch. 854, § 804.)"

alleged assault. The court refused to allow any reference to the suit by cross-examination or otherwise, upon the theory that it was irrelevant. This, we think, was prejudicial and reversible error. Bias of a witness is always relevant. Therefore pendency of a civil action by a prosecuting witness seeking damages for an assault being tried in a criminal action is a proper subject of inquiry. Hughes v. State, 1937, 212 Ind. 577, 10 N.E.2d 629; People v. Drolet, 1909, 157 Mich. 90, 121 N.W. 291. Cf. United States v. Cohen, 3 Cir., 1947, 163 F.2d 667, 669. Even a contemplated suit by a complaining witness may be shown. State v. Decker, 1912, 161 Mo.App. 396, 143 S.W. 544. Expressing the underlying reasons supporting the rule, the court said:

"A wide range of cross-examination should be allowed to show the *motive, interest,* or animus of a witness. * * * The jury have the right both in civil and criminal cases to consider the interest which the witness may have in the result of the litigation." [Emphasis added.]

See also People v. Field, 1939, 290 Mich. 173, 287 N.W. 422; Ewing v. United States, 1942, 77 U.S.App.D.C. 14, 21, 135 F.2d 633, 640, certiorari denied 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145; 3 Wigmore, Evidence §§ 948, et seq. (3d ed. 1940). These last two authorities go to show that an inquiry as to bias is not limited to cross-examination of the witness. It may be shown by contradiction of his testimony or other independent evidence. See also State v. Lawson, 1945, 128 W.Va. 136, 36 S.E.2d 26, 27.

## II.

■ Defendant, claiming self-defense, testified in his own behalf. He also adduced testimony of good character as to peace and order. Yet the court denied a requested instruction that:

"the circumstances of the case may be such that an established reputation for good character would alone create a reasonable doubt, although without it the other evidence in the case might be convincing."

Objection was made at the time to denial of this prayer. However, nothing by way of objection was made to the court's charge, which on the subject of character evidence was lacking in any statement equivalent to that in the rejected prayer. Hence there was a failure to comply with Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.[2]

■ In assigning error as to any part of a charge, or *for any omission therefrom,* as for failure to charge in accordance with a request, it is essential that a distinct objection be stated, with the ground upon which it is based. Mundy v. United States, 1949, 85 U.S.App.D.C. 120, 176 F.2d 32; Felton v. United States, 1948, 83 U.S.App. D.C. 277, 170 F.2d 153, certiorari denied 335 U.S. 831, 69 S.Ct. 18, 93 L.Ed. 385; United States v. Sutter, 7 Cir., 1947, 160 F. 2d 754. The requirement is for the sound and practical purpose of affording the court an opportunity to make any additions or corrections that may be deemed appropriate before the jury retires to consider of its verdict. Cf. Palmer v. Hoffman, 1943, 318 U.S. 109, 119, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719; Stilwell v. Hertz Drivurself Stations, 3 Cir., 1949, 174 F.2d 714, 715. A failure to make objections to the charge deprives a judge of the final opportunity for consideration and action which may avoid serious error resulting in a futile trial. So, in fairness to the court, the parties, and the administration of justice itself, there should

2. Rule 30, Federal Rules of Criminal Procedure.

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to adverse parties. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. *No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.* Opportunity shall be given to make the objection out of the hearing of the jury." [Emphasis added.]

be compliance with the rule. It was not followed in this case. Therefore, we must hold the assignment of error invalid.

 As we have indicated, the case must be reversed upon another ground. This may involve a retrial. Therefore, we are constrained to point out that the requested instruction concerning good character is squarely supported by Edgington v. United States, 1896, 164 U.S. 361, 366, 17 S.Ct. 72, 41 L.Ed. 467; Egan v. United States, 1923, 52 App.D.C. 384, 394, 287 F. 958; and Jones v. United States, 1923, 53 App.D.C. 138, 140, 289 F. 536. This, we think, is also true of Colbert v. United States, 1944, 79 U.S.App.D.C. 261, 146 F.2d 10, notwithstanding the Government's suggestion that the decision restrains the effect of the earlier ones. Obviously, it could not, and was not intended to diminish the full force and effect of the rule laid down by the Supreme Court in the Edgington case that good character, when considered in connection with the other evidence in the case, may generate a reasonable doubt; and that the circumstances may be such that an established reputation for good character, if relevant to the issue, would alone create a reasonable doubt, although without it the other evidence would be convincing. There is nothing inconsistent in the two parts of the rule as thus stated. A jury should be admonished to consider all the evidence together. Logically, in so doing, they must consider each part in relation to the whole. As a result any single part,—one fact or circumstance, perhaps good character, may raise a reasonable doubt, although without it proof of guilt would be convincing. That is the underlying thought covered by the second part of the Edgington rule. It is the very part of the rule which was presented by the rejected prayer. So, we think, there can be no doubt that it should have been allowed and the jury instructed accordingly.

Reference is also made by the Government to Marzani v. United States, 1948, 83 U.S.App.D.C. 78, 168 F.2d 133, affirmed 335 U.S. 895, 69 S.Ct. 299, 93 L.Ed. 431; 336 U.S. 922, 69 S.Ct. 653, 93 L.Ed. 1084. (rehearing). In view of the record in that case, we doubt its pertinence here. At all events, upon the record in the present case our views must be controlled by the Edgington rule.

Reversed.

STEPHENS, Chief Judge, concurs in the result and in the ruling as to what should be the content of an instruction on good character.