## UNITED STATES v. LEMONS.
### No. 10632.

United States Court of Appeals
Seventh Circuit.

Dec. 22, 1952.

Julius Lucius Echeles, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., Joseph E. Tobin, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, FINNEGAN and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

Defendant was indicted for violating certain Federal Narcotic Laws, Title 26, Secs. 2553(a) and 2554(a), and Title 21, Sec. 174, U.S.C.A. The charges involve the possession by defendant of one ounce of heroin on September 15, 1951, the possession of two ounces of heroin on September 19, 1951, and the possession and sale of two ounces of heroin on September 25, 1951. The trial was to the court, which found the defendant guilty as charged and sentenced him to five years imprisonment on each count, the sentences to run concurrently.

On this appeal defendant's sole reliance is upon the defense of entrapment. This court discussed in some detail the law of entrapment in United States v. Perkins, 1951, 190 F.2d 49, where the defendant was likewise accused of violating Federal Narcotic Laws. We pointed out that it was difficult to state an all-embracing definition of entrapment, but that it was well established that decoys may be used to present opportunity to one intending and willing to commit crime, but that the use of decoys is not permissible to ensnare the innocent and law-abiding into the commission of crime. We also pointed out that when the criminal design originates, not with the accused, but in the mind of government officers, and the accused is lured by persuasion, deceitful representation or inducement into the commission of a criminal act, then the government is estopped by sound public policy from prosecuting the one who commits it. We quoted with approval the statement of this court in an earlier case that something more than mere use of decoys or detectives by the government is necessary to create an estoppel, and that to sustain the defense of entrapment, there must be deception of such a character as to make it unconscionable for the government to press its case.

In United States v. Markham, 7 Cir., 191 F.2d 936, which was also a case where the defendant was charged with violating narcotic laws, we pointed out that the issue of entrapment is a question of fact. In the case at bar in which a jury had been waived, the trial judge specifically found that there was no entrapment.

Defendant supports his argument almost entirely by reference to his own testimony. He claimed that he had not previously engaged in the purchase, possession or sale of narcotics, saying that his "racket" was gambling and that he "wrote policy." He admitted frequently visiting Mrs. Thomas' apartment, and contends that he obtained the heroin only because of her frequent requests therefor, and that he did so as a favor to her and without profit to himself. On cross-examination defendant admitted that he had been convicted twice for burglary and had served sentences therefor in the State penitentiary.

The evidence discloses that contact with the defendant was made through one Celia Thomas, also known as Celia LaCroix and as "Momma." She occupied a flat on the south side of Chicago, which defendant claimed was used as a house of prostitution and for conducting poker games. Federal Narcotics Agent Gales posed as a frequenter of her apartment.

On September 15, 1951, Agent Gales saw defendant hand over a package to Mrs. Thomas at her apartment, and saw her give him a sum of money. He heard her ask defendant if the stuff could be cut, and he testified that defendant said it was "very good stuff and it could be cut, but not to cut it too much."

On September 19, 1951, at the same premises, Agent Gales heard Mrs. Thomas ask defendant if he had the stuff, and he testified that the defendant answered, "Yes, I

have your two ounces, and it is very good stuff," and that he saw defendant deliver two packages to Mrs. Thomas and receive $430 in return. On this occasion Gales was introduced to defendant by Mrs. Thomas and defendant thought he was ."Momma's boy." At the suggestion of Mrs. Thomas, defendant agreed thereafter ·to deal direct with Gales and told Gales to call him whenever he wanted more narcotics.

On September 25, 1951, Agent Gales called the defendant's home at about 9:55 A. M. and told him he would .like to pick up two ounces of stuff, and defendant agreed to meet him at 61st Street and Cottage Grove Avenue at 10:15 A. M. Defendant made delivery to Gales of one ounce of heroin in the morning and another ounce that evening. During the morning meeting defendant asked Gales about his relationship with Celia Thomas and told him he was a fool to work for her, that Gales could make more money by himself, and that if Gales would contact him without going through Mrs. Thomas, he would do business with him. Defendant also stated that he· had started out the same way that Gales was starting out, and cautioned him to not do any talking if he got caught because it would be too bad for him, the defendant.

■ While defendant claimed at the trial that he had never previously trafficked in ·narcotics, his remarks revealed ·a great familiarity with the language or jargon of narcotic traders. The defendant told an improbable tale of obtaining heroin from a person named Aleck, whom he scarcely knew but who extended credit to him for quantities of narcotics valued up to $430. The question of credibility was for the trial court. Enough has been mentioned to show that there was sufficient credible evidence to sustain the trial court's determination of no entrapment of defendant.

Under the authority of Goldstein v. United States, 7 Cir., 256 F. 813; Conway v. United States, 7 Cir., 1 F.2d 274; Price v. United States, 7 Cir., 56 F.2d 135; United States v. Ginsburg, 7 Cir., 96 F.2d 882, and other cases discussed by this court in United States v. Perkins, supra, the judgment of conviction will be affirmed.