## RUCKER v. UNITED STATES.
### No. 11620.

United States Court of Appeals
District of Columbia Circuit.

Argued April 22, 1953.

Decided June 11, 1953.

Mr. Samuel Green, Washington, D. C., with whom Mr. John J. Dwyer, Washington, D. C., was on the brief, for appellant.

Mr. Alexander L. Stevas, Asst. U. S. Atty., Washington, D. C., with whom

Messrs. John D. Lane and William J. Peck, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee. Mr. Charles M. Irelan, U. S. Atty., at time brief was filed, Washington, D. C., and Mr. William R. Glendon, Asst. U. S. Atty. at the time of argument, Washington, D. C., were on the brief for appellee. Mr. William E. Kirk, Jr., Asst. U. S. Atty. at time record was filed, Washington, D. C., entered an appearance for appellee.

Before CLARK, PROCTOR and FAHY, Circuit Judges.

PER CURIAM.

This appeal is from a judgment of conviction and sentence for illegal sale of heroin in violation of I.R.C. § 2554(a), 26 U.S.C.A. § 2554(a). Two questions are presented.

(1) It is contended that the evidence established entrapment, as a matter of law, by the arresting officer and his associate, an informer; therefore, that the court should have directed acquittal. However, the court treated the evidence as presenting a question of fact, and submitted it to the jury with appropriate instructions. An examination of the evidence convinces us that it did raise a question of fact; therefore the court was correct in submitting the question to the jury,[1] and its verdict concludes the matter.

(2) In the course of his charge to the jury the judge made a mis-statement as to one phase of the defendant's testimony. It is contended that this constitutes reversible error. We think not in view of the circumstances, for the court instructed the jury that his reference to the evidence was based only on his recollection, and that they, the jury, were the sole judges of the evidence and their recollection should control. Defendant's counsel made no effort to correct the court's mis-statement either at the time it was made or at the conclusion of the charge. Had that been done it is fair to assume that a timely correction would have been made by the judge. It is.

1. Sorrells v. United States, 1932, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; United States v. Lemons, 7 Cir., 1952, 200 F.2d 396; Cratty v. United States, 1947, 82 U.S.App.D.C. 236, 163 F.2d 844.

important in such circumstances that counsel act in time to give the judge an opportunity to correct an error made in the course of his charge to the jury. MacIllrath v. United States, 1951, 88 U.S.App. D.C. 270, 188 F.2d 1009; Villaroman v. United States, 1950, 87 U.S.App.D.C. 240, 184 F.2d 261, 21 A.L.R.2d 1074. See also Rule 30, Fed.R.Crim.P., 18 U.S.C.A., which provides that "No party may assign as error any portion of the charge * * * unless he objects thereto before the jury retires * * *." Moreover, it would seem unreasonable to conclude that any harm was done, in view of the definite statement by the court that the jury's recollection of the evidence must control in their deliberations and conclusions.

We find no reversible error.

Affirmed.