James HALE, Appellant,

v.

UNITED STATES, Appellee.

No. 1612.

Municipal Court of Appeals for the
District of Columbia.

Argued April 4, 1955.

Decided May 13, 1955.

William A. Robinson, Washington, D. C.,
for appellant.

Fred L. McIntyre, Asst. U. S. Atty.,
Washington, D. C., with whom Leo A.
Rover, U. S. Atty., Lewis Carroll, Asst. U.
S. Atty., and George H. Foster, Jr., Asst.
U. S. Atty., Washington, D. C., on the
brief, for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

James Hale was convicted by a jury of
simple assault.[1] His assignments of error
relate to alleged remarks of the trial judge
in the presence of the jury and to the ade-
quacy of the instructions given to the jury.

The record indicates that the trial
judge interrupted the testimony of the
Government's first witness, the complain-
ant, in order to call a court reporter. The
statement of proceedings and evidence
states that the trial judge further " * * *
explained it would not condone perjury."
We find no abuse of discretion in the call-
ing of the court reporter, nor do we find
any objection made by counsel for appel-
lant at the time of the remarks by the
court. There being nothing in the record
elaborating on the phrase quoted above or
to show the context in which it was made,
we cannot say that prejudicial error was
committed.

An eye witness for the Government tes-
tified that he was standing approximately
twelve feet from appellant and the com-
plainant when appellant struck complain-

1. Code 1951, § 22–504.

ant with his fist. A police officer testified that upon interrogation appellant informed him that complainant had interrupted an argument after a "crap game" and that he, appellant, had struck the complainant causing his head to hit the concrete. Appellant did not testify nor was there any evidence offered in his behalf.

■ After instructions by the trial court, the jury was told to retire. As they were doing so, what appears from the record to have been a bench conference took place in which the judge told the prosecuting attorney that certain of the witnesses were going to be certified to the grand jury for perjury. There is nothing to indicate that this was heard by the jury, nor does the record reflect any objection by counsel for appellant.

■ The only remaining question relates to the adequacy of the instructions given to the jury. However, a party seeking appellate review of alleged erroneous instructions cannot raise them for the first time on appeal.[2] Here the record reflects no objection at all to the instructions after they were given. The rule is not a mere technicality but, as stated in Villaroman v. United States, 87 U.S.App.D.C. 240, 184 F.2d 261, 262, 21 A.L.R.2d 1074, is one whose " * * * requirement is for the sound and practical purpose of affording the court an opportunity to make any additions or corrections that may be deemed appropriate before the jury retires to consider of its verdict." See detailed discussion in Stassi v. United States, 8 Cir., 50 F.2d 526.

■ Of course, as in other rules, there will be exceptions, and in applying this rule to various factual situations appellate courts have held that only when there is plain error affecting substantial rights will there be a review of instructions not timely objected to in the trial court.[3] Appellant contends this is to be one of those exceptional cases revealing plain error. However, we have reviewed the entire charge and while we agree that a more thorough discussion of the subject might have been of greater help to the jury, we fail to see incompleteness to the extent of plain error affecting substantial rights.[4]

Affirmed.

2. De Fries v. David, D.C.Mun.App., 105 A.2d 746; see Criminal Rule 18 of the Municipal Court.

3. Felton v. United States, 83 U.S.App.D.C. 277, 170 F.2d 153, certiorari denied 335 U.S. 831, 69 S.Ct. 18, 93 L.Ed. 385; Wyche v. United States, 90 U.S.App.D.C. 67, 193 F.2d 703, certiorari denied 342 U.S. 943, 72 S.Ct. 556, 96 L.Ed. 702.

4. Pratt v. United States, D.C.Cir., —— F.2d ——; Blohm v. District of Columbia, D.C.Mun.App., 113 A.2d 111; cf. Payton v. United States, D.C.Cir., 222 F.2d 794.