Martha Janet COOPER and Chester William Cooper, Appellants,

v.

UNITED STATES, Appellee.

No. 1772.

Municipal Court of Appeals for the District of Columbia.

Argued June 11, 1956.

Decided July 6, 1956.

Rehearing Denied July 23, 1956.

Hugh J. McGee, Washington, D. C., for appellants.

Richard J. Snider, Asst. U. S. Atty., with whom Oliver Gasch, U. S. Atty., and Lewis Carroll and David Kindleberger, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Appeal from a conviction on a charge of attempting by false pretenses to obtain money from an insurance company on a fraudulent claim for stolen furs.[1]

---

1. The offense of false pretenses is defined in Code, Supp. III, § 22–1301, and attempts to commit crime are covered by Code, § 22–103.

The government's evidence as developed by several witnesses was to the effect that appellant, Chester W. Cooper, with his wife's knowledge arranged with a man named Douglas, who worked for them and who lived in the same building, to simulate a housebreaking of their apartment during their absence; that on an appointed evening Douglas did so, prying open a cabinet, emptying drawers, and breaking a back door window. It was shown that on the following day Mrs. Cooper, who worked for the local agency of World Fire and Marine Insurance Company, told her employer that her apartment had been burglarized the preceding evening, and prepared a notice of loss on her employer's form; also that she later signed and swore to a formal proof of loss, actively pressed her claim by telephone and in person with the two insurance adjustors who were handling the case.

A few weeks after the loss the police obtained a confession from Douglas as to his part in the fraudulent scheme. The next day Douglas' statement was read to Mr. Cooper at police headquarters and he verified the statement (except for one minor detail), admitted his guilt, and said that the furs which had been reported stolen were not in the apartment at the time of the reported "theft." Responding to a call from her husband, Mrs. Cooper also appeared at police headquarters and a police officer testified that as she entered the squad room, Mr. Cooper told her that he had given the police "the story" or "told them all," and Mrs. Cooper then said that on February 16, 1955 (the date of the "loss"), "there was nothing in her mind about falsifying a claim," and that she did not know of an attempt to falsify a claim until a later date, but admitted that she did know of it later on. Defendants presented one witness, but neither defendant took the stand.

The first error claimed is the failure of the trial court to correctly instruct the jury as to the care and scrutiny they should give the testimony of the accomplice Douglas.

The judge did tell the jury that, "the acts of an accomplice should be weighed with caution and care in your efforts to determine the truth of the testimony," and followed that by telling them that they are the sole judges of the credibility of all the witnesses; that their verdict must be based on the sum total of all the evidence, not on the testimony of any one particular witness, etc. Appellants say they were entitled to a stronger instruction and that the jury should have been told that Douglas was an accomplice, and that as such his testimony should be closely scrutinized and received with great care and caution.

■ We agree that the language used by the judge was sketchy and not as favorable to the defense as the charge usually given in such situations. See, Freed v. United States, 49 App.D.C. 392, 266 F. 1012; Egan v. United States, 52 App.D.C. 384, 287 F. 958; Borum v. United States, 61 App.D.C. 4, 56 F.2d 301, certiorari denied, sub nom. Logan v. United States, 285 U.S. 555, 52 S.Ct. 459, 76 L.Ed. 944. But we must rule that appellants' criticism comes too late. Criminal Rule 18 of the trial court, Rule 30, F.R.Crim.Proc., 18 U.S.C.A., provides that a party may not assign error in connection with a jury instruction, "unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." The record discloses that the trial attorney (not Mr. McGee who appears for them on this appeal) tendered no written instructions, verbally suggested no enlargement of the instructions given on the subject, and offered no criticism of the charge after it was completed.

■ In a similar case we had occasion to apply the established rule that save in exceptional situations error is not to be charged to a trial judge in connection with jury instructions, when there has been no objection thereto in the trial court. Hale v. United States, D.C.Mun.App., 114 A.2d 74. This is no mere technicality: fairness

and sound procedure require that a judge be given an opportunity to correct an erroneous or incomplete instruction before giving a case to the jury. Villaroman v. United States, 87 U.S.App.D.C. 240, 184 F.2d 261, 21 A.L.R.2d 1074. This was recognized in Borum v. United States, supra [61 App.D.C. 4, 56 F.2d 305], where the court remarked that the trial judge should of his own motion have given a restrictive instruction as to testimony of an accomplice, but held that failure to do so "will not permit us to reverse on this ground." Citing Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442.

Moreover, we think it not unfair to mention that in his argument defense attorney, without objection from the court or prosecutor, urged on the jury that they should weigh the testimony of Douglas with extreme caution and that he was unworthy of belief. It may also be noted that no error in the judge's charge was mentioned in the statement of errors filed in the trial court, but was presented for the first time in appellants' brief in this court. Under all the circumstances we think there is no basis for a ruling of reversible error.

■ What we have said also disposes of the claim that the trial court erroneously failed to tell the jury that defendant Mrs. Cooper was an accomplice rather than a principal and must be shown to have knowingly aided and abetted in the performance of the crime. In this respect the trial judge gave instructions which were full and correct, and reflected the statutory provision that all who aid or abet in the commission of a crime are chargeable as principals. Code, § 22–105. Ladrey v. United States, 81 U.S.App.D.C. 127, 155 F.2d 417.

■■ Other assignments of error deal with alleged insufficiency of the evidence and failure to sufficiently identify the female defendant. This was raised by motion for directed verdict at the end of the government's case, but was not renewed at the close of all the evidence. The point was therefore waived, and the right to appellate review lost. Guarro v. United States, D.C. Mun.App., 116 A.2d 408, and cases there cited. But looking at the merits it must be said that the jury had a right to believe the government witnesses, and believing them, to decide that there was no question of the guilt of the male defendant since he arranged and set the fraudulent scheme in motion. As to his wife the evidence we have recited reveals her active participation in furthering and promoting the scheme. The judge would have had no right to take the case from the jury.

Affirmed.