**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Morris KRAMER, Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Michael RISK, Defendant-Appellant.**

**Nos. 11631, 11632.**

United States Court of Appeals
Seventh Circuit.

Sept. 26, 1956.

B. Howard Caughran, Frank A. Symmes, Indianapolis, Ind., Wilbur F. Dassel, Evansville, Ind., for appellants.

Jack C. Brown, U. S. Atty., Don A. Tabbert, Asst. U. S. Atty., Indianapolis, Ind., for the United States.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

DUFFY, Chief Judge.

In a one-count indictment each defendant was charged with unlawfully and knowingly inducing Jessie Lois Ward to travel, on April 6, 1954, in interstate commerce, from Indianapolis, Indiana, to Louisville, Kentucky, for the purpose of prostitution in violation of Title 18 U.S.C.A. § 2422. Defendant Kramer moved for severance, which motion was denied. The trial was to a jury. Each defendant moved for a directed verdict, and these motions were likewise denied. The jury found each defendant guilty and the trial court imposed a prison sentence in addition to a fine.

### No. 11632—Michael Risk.

■ The principal point urged by defendant Risk is that he was entrapped by FBI officers. It appeared from the testimony that the victim herein turned informant, and that on several occasions long after she had made the trip from Indianapolis to Louisville, an FBI agent paid or advanced to her certain sums of money.

The defense of entrapment cannot be sustained. There is no evidence to show the criminal design of inducing Miss Ward to travel from Indianapolis to Louisville originated in the minds of the FBI agents, or that either defendant was induced or lured by the FBI agents into the commission of a criminal act. United States v. Spadafora, 7 Cir., 181 F.2d 957, 958, certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650; United States v. Perkins, 7 Cir., 190 F.2d 49, and United States v. Lemons, 7 Cir., 200 F.2d 396, 397.

Defendant Risk also complains of two instructions given to the jury. We find no error therein.

### No. 11631—Morris Kramer.

The principal points urged by defendant Kramer are that the Court erred by denying his motion for severance, and that there is no evidence in the record that defendant Kramer, in any way, induced Miss Ward to travel from Indianapolis to Louisville. This defendant also raises questions as to excessive bail and the severity of the sentence. We shall not discuss these latter two contentions as they are entirely without merit.

■■ A motion for severance is addressed to the sound discretion of the Court. Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101; United States v. Hibbs, 7 Cir., 152 F.2d 269. The only reason given in the motion for severance was that different evidence would be required to sustain a conviction as to defendant Kramer than would be required to sustain a conviction against defendant Risk, and that defendant Kramer could not obtain a fair trial if required to go to trial with his co-defendant. Defendant Kramer's counsel argued that it would be impossible for two persons to have induced Miss Ward to make the trip from Indianapolis to Louisville on April 6, 1954.

Upon the showing made the trial judge did not abuse his discretion in denying the motion for severance. Sharp v. United States, 6 Cir., 195 F.2d 997, 999.

The only remaining question worthy of discussion is the argument earnestly presented that the evidence in this record is insufficient to support the verdict and judgment of guilty as to defendant Kramer.

■■ It may well be that defendant Risk originated the idea of the victim traveling from Indianapolis to Louisville. But it is also clear that defendant Kramer aided and abetted that proposal. Aiders and abettors may be charged directly as principals. United States v. Carengella, 7 Cir., 198 F.2d 3, 7. One is guilty as an aider and abettor when he consciously shares in any criminal act. Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 93 L.Ed. 919.

■ Without detailing the sordid facts it is sufficient to say that the evidence amply supports the charge that defendant Kramer did aid and abet defendant Risk in inducing, and indeed, did himself

induce the victim to travel from Indianapolis, Indiana, to Louisville, Kentucky, on April 6, 1954 for the purpose of prostitution.

Judgment as to each defendant is Affirmed.