**UNITED STATES of America, Appellee,**

v.

**Bruce L. BEYER, Appellant.**

**No. 634, Docket 33607.**

United States Court of Appeals, Second Circuit.

Submitted March 27, 1970.

Decided May 11, 1970.

Willard H. Myers, III, Buffalo, N. Y., for appellant.

H. Kenneth Schroeder, Jr., U. S. Atty., Buffalo, N. Y., for appellee.

Before LUMBARD, Chief Judge, HAYS, Circuit Judge, and BLUMENFELD, District Judge.*

HAYS, Circuit Judge:

I.

On August 14, 1968, appellant Bruce L. Beyer was indicted for a selective service violation. That same day a valid summons was issued and served upon him personally inside the Unitarian Universalist Church in Buffalo, New York, where appellant was engaged with other draft resisters and supporters in what he characterizes as "symbolic sanctuary." The summons required appellant's presence in federal court on August 19, 1968, at 10 A.M. Appellant failed to appear at that time, and a bench warrant

* Of the District of Connecticut, sitting by designation.

was issued for his arrest. At about 2 P.M. that afternoon the United States Marshal for the Western District of New York and several other federal officers went to the Unitarian Universalist Church to execute the warrant. They were met with physical resistance by a group of Beyer's "sympathizers." Breaking through a blockade formed by Beyer's supporters the federal officers found Beyer in the pulpit of the church. The United States Marshal identified himself, exhibited his warrant and asked Beyer to come down from the pulpit. When Beyer refused the Deputy United States Marshal climbed into the pulpit and sought to arrest Beyer. Beyer struck the officer in the face and knocked him out of the pulpit. Another officer attempted to assist in arresting Beyer and was struck by Beyer with an object he held in his hand. The officer's nose was gashed and he too was knocked out of the pulpit. Finally the officers succeeded in pulling Beyer out of the pulpit. Beyer wrestled with them on the floor, kicking, swinging and biting. He was eventually subdued, and taken from the church.

Beyer and three others were charged with assaulting and impeding federal officers while such officers were performing official duties, in violation of 18 U.S.C. § 111 (1964).[1] A jury trial was held in the United States District Court for the Western District of New York. The jury was unable to reach agreement as to the co-defendants, but returned a verdict of guilty on two of three counts against appellant. A judgment of conviction was entered against him from which he now appeals. Appellant received sentences of three years' imprisonment on each count, the sentences to run concurrently.

No challenge is made as to the sufficiency of the evidence, and finding no reversible error, we affirm the conviction.

II.

■ Appellant argues that three Supreme Court decisions[2] which postdate the issuance of the indictment against him invalidated its use as the basis for lawful process and therefore entitled him to resist arrest. This contention is without merit. The indictment was "fair on its face" (Ex Parte United States, 287 U.S. 241, 249, 53 S.Ct. 129, 77 L.Ed. 283 (1932)) when issued, and the government followed the procedure set out in Rule 9, Fed.R.Crim.P., to obtain the summons and warrant. An indictment is sufficient to satisfy the Fourth Amendment requirement of probable cause. See Giordenello v. United States, 357 U.S. 480, 487, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).

■ Moreover, even if the warrant of arrest or the arrest itself had been invalid, appellant would not have been entitled to resist arrest by physically assaulting the federal officers who were executing the warrant. See United States v. Heliczer, 373 F.2d 241, 245 (2d Cir.), cert. denied, 388 U.S. 917, 87 S.Ct. 2133, 18 L.Ed.2d 1359 (1967); United States v. Simon, 409 F.2d 474, 477 (7th Cir.), cert. denied, 396 U.S. 829, 90 S.Ct. 79, 24 L.Ed.2d 79 (1969).

---

I. 18 U.S.C. § 111 (1964) provides in pertinent part:
"Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both."
Section 1114 includes in the list of federal officers so protected F.B.I. agents, United States marshals and "person[s] employed to assist such marshal[s]."

2. Breen v. Selective Service Bd., 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970); Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970); Oestereich v. Selective Service Bd., 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968).

## III.

One paragraph of the trial court's 34 page charge reads as follows:

"As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the *preponderance* of all the evidence in the case, both direct and circumstantial." (Emphasis added.)

Appellant argues that the reference to "preponderance" of evidence constitutes reversible error because it left the jury with the impression that the government's burden of proof was less than beyond a reasonable doubt. The instruction in question was not intended to be used to describe the government's burden of proof, but rather to explain the concepts of direct and circumstantial evidence. Several times throughout the charge the trial judge indicated that the government had to sustain its burden of proof beyond a reasonable doubt and the meaning of reasonable doubt was fully and correctly explained to the jury. Moreover, the concept of reasonable doubt was mentioned at the voir dire of the prospective jurors; both parties emphasized its importance in their summations; and a number of jurors had had prior jury experience. Cf. Mundy v. United States, 85 U.S.App.D.C. 120, 176 F.2d 32, 33 (D.C.Cir.1949) (per curiam). Finally, during its deliberations the jury submitted a note which read as follows:

"There is a possible chance that we could progress if we had a clarification of what is a 'Reasonable Doubt.'"

The use of the words reasonable doubt in the note strongly suggests that the jury based its decision upon that standard.

The inclusion of such a trivial and harmless variance from the normal verbal formulation as that in the quoted portion of the charge does not require us to reverse the conviction. See United States v. Acarino, 408 F.2d 512, 517 (2d Cir.), cert. denied, 395 U.S. 961, 89 S.Ct. 2101, 23 L.Ed.2d 746 (1969); United States v. Accardi, 342 F.2d 697, 699 (2d Cir.), cert. denied, 382 U.S. 954, 86 S.Ct. 426, 15 L.Ed.2d 359 (1965).

Affirmed.