**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Nestor MARTINEZ, Defendant-Appellant.**

**No. 851, Docket 71-1824.**

United States Court of Appeals,
Second Circuit.

Argued June 26, 1972.

Decided Aug. 23, 1972.

---

Donald M. Kresge, New York City (Kaufman, Taylor, Kimmel & Miller, New York City), for defendant-appellant.

W. Cullen Macdonald, Asst. U.S. Atty. (Whitney North Seymour, Jr., U.S. Atty. for Southern District of New York, Richard J. Davis and Peter R. Rient, Asst. U. S. Attys., of counsel), for plaintiff-appellee.

Before MOORE, SMITH and TIMBERS, Circuit Judges.

PER CURIAM:

By permission of the court, Nestor Martinez makes a post-confinement appeal challenging a judgment entered against him on January 9, 1967, in the United States District Court for the Southern District of New York (Lloyd F. MacMahon, Judge) after trial to a jury, convicting him on two counts of

selling marijuana, in violation of 21 U. S.C. § 176a, on one count of assaulting with a deadly weapon a federal agent engaged in the performance of his official duties, in violation of 18 U.S.C. §§ 111, 1114, and on one count of assaulting four agents in the performance of their duties, also in violation of 18 U.S.C. §§ 111, 1114. Martinez was sentenced to six years imprisonment on counts one through three and to three years on count four, all to run concurrently. He has served his sentence and is now released on parole.

Martinez' challenge to the convictions on the selling counts is based on the Supreme Court's decision in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) holding unconstitutional the statutory presumption of illegal importation and knowledge of that importation from possession of marihuana, and this court's decision in United States v. Liguori, 438 F.2d 663 (2d Cir. 1971), holding *Leary* retroactive. The government consented to the reversal of appellant's conviction on these two counts and to a dismissal of them, and we reversed and dismissed them in open court. On the assault counts, however, we affirm.

The essence of Martinez' claim is that the federal undercover agents who arrested him after he transferred to them a suitcase full of marihuana had no probable cause to arrest and that he therefore had a right to resist with reasonable force. He claims that the subsequently declared retroactive unconstitutionality of § 176a in addition to the agents' admitted lack of knowledge of importation left them without any information on one element of the crime, and that his flight and aiming of a gun at an agent were reasonable means of repelling an unlawful arrest. We need not decide whether *Liguori, supra,* operates to vitiate probable cause for arrests made before the *Leary* decision, and valid when made (but cf. United States v. Beyer, 426 F.2d 773, 774 (2d Cir. 1970)) for at the time of arrest under § 176a, the agents knew facts clearly sufficient to give them probable cause to arrest Martinez for the closely related crime of transferring marihuana not pursuant to a written order form, in violation of 26 U.S.C. §§ 4742(a) and 7237(b) (since repealed, Pub.L. No. 91–513, Oct. 27, 1970, 84 Stat. 1292). *See* Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969). Additionally, the agents were aware of facts sufficient to allow them as private citizens to make an arrest for violation of state law. N.Y. Penal Law, § 1751(2) (b), McKinney's Consol.Laws, c. 40; N.Y. Code of Crim.Proc. § 183. *See* United States v. Heliczer, 373 F.2d 241, 244 (2d Cir.), cert denied, 388 U.S. 917, 87 S.Ct. 2133, 18 L.Ed.2d 1359 (1967).

In ascertaining whether there was probable cause for the arrest, we rely on an objective rather than a subjective standard and look to the facts known to the agents at the time of arrest rather than to their characterization or stated basis for their behavior. " . . . the test for probable cause does not involve speculation about the outcome of a trial on the merits [of the charge on which defendant is told he is being arrested], but rather upon an assessment of whether the knowledge of the arresting officer at the time of arrest would be sufficient to warrant a prudent man in believing that the person arrested had committed or was committing *an offense*." United States v. Atkinson, 450 F.2d 835, 838 (5th Cir. 1971) (emphasis supplied). When the "crime under which the arrest is made and a crime for which probable cause exists are in some fashion related," the arrest is valid. Mills v. Wainwright, 415 F.2d 787, 790 (5th Cir. 1969).

This is not to say that a court will indulge in "ex post facto extrapolations of all crimes that might have been charged on a given set of facts at the moment of arrest . . . [for] such an exercise might permit an arrest that was a sham or fraud at the outset, really unrelated to the crime for which probable cause to arrest was actually present

to be retroactively validated." 450 F.2d at 838. Nor will such an arrest be valid when it was merely a ploy used to afford agents or police the time and opportunity to investigate and amass facts sufficient to constitute probable cause. *Atkinson, supra; Mills, supra;* Staples v. United States, 320 F.2d 817 (5th Cir. 1963); Moss v. Cox, 311 F.Supp. 1245 (E.D.Va.1970).

■ In the present case, the crime on which Martinez was arrested and those for which the agents had probable cause were closely related, and no one has questioned the propriety of their motives in making the arrest. Therefore, Martinez had no right to resist this lawful arrest by federal officers, whether or not they were known to him as such. United States v. Ulan, 421 F.2d 787 (2d Cir. 1970); United States v. Heliczer, 373 F.2d 241 (2d Cir.), cert. denied, 388 U.S. 917, 87 S.Ct. 2133, 18 L.Ed.2d 1359 (1967); United States v. Montanaro, 362 F.2d 527 (2d Cir.), cert. denied, 385 U.S. 920, 87 S.Ct. 233, 17 L.Ed.2d 144 (1966); Lombardozzi v. United States, 335 F.2d 414 (2d Cir.), cert. denied 379 U.S. 914, 85 S.Ct. 261, 13 L.Ed.2d 185 (1964).

■■ Even were the arrest without probable cause, Martinez was not justified in responding with the excessive force he displayed. An agent, even if effecting an arrest without probable cause, is still engaged in the performance of his official duties, provided he is not on a "frolic of his own," and is protected from interference or assault. United States v. Beyer, 426 F.2d 773 (2d Cir. 1970); United States v. Simon, 409 F.2d 474 (7th Cir.), cert. denied, 396 U. S. 829, 90 S.Ct. 79, 24 L.Ed.2d 79 (1969); *see* United States v. Ferrone, 438 F.2d 381 (3d Cir.), cert. denied, 402 U.S. 1008, 91 S.Ct. 2188, 29 L.Ed.2d 430 (1971) (no right to resist search pursuant to invalid search warrant). In both *Beyer* and *Simon* the agents had identified themselves and their official identity was clearly known to their assailants.

■ The only way in which Martinez could avoid the impact of *Beyer* would be to show that he did not know the identity of the agents when he assaulted them and that he thus fell into that class of cases in which the use of reasonable force in resisting unlawful arrest is justified.* Although we need not decide this issue, we note that although the question of his knowledge of the identity of the agents was not submitted to the jury, there was a substantial

---

* In United States v. Ulan, 421 F.2d 787 (2d Cir. 1970), this court held that the use of reasonable force in self-defense might be justified when one is resisting unlawful arrest by an officer or a private citizen or responding to a situation in which he is being taken into custody, cannot ascertain the cause for the arrest, and is fearful of a hostile attack on his person. *See* United States v. Goodwin, 440 F.2d 1152 (3d Cir. 1971); United States v. Heliczer, *supra; see generally* Chevigny, "The Right to Resist an Unlawful Arrest," 78 Yale L.J. 1128 (1969). But see Model Penal Code § 3.04(2) (a) (i). The court in *Ulan* recognized that in the establishment of such a defense, lack of scienter of the agent's identity is "highly relevant and material" and "remains one of the combination of circumstances which together may justify and make defensible an assault or resistance to arrest." *Ulan,* 421 F.2d at 790. *Beyer,* by holding resistance to unlawful arrest by an agent known to be such not justified, has narrowed the class of cases described in *Ulan* and made the issue of lack of scienter crucial in a situation involving unlawful arrest by agents. When a defendant raises such a defense, the government may then rebut it and show no justification. In this set of cases, then, the normal rule, in this and most other circuits that knowledge of the agent's identity is irrelevant and need not be shown will not apply. *See Lombardozzi, supra;* United States v. Langone, 445 F.2d 636 (1st Cir.), cert. denied, 404 U.S. 915, 92 S.Ct. 226, 30 L.Ed. 2d 189 (1971); United States v. Linn, 438 F.2d 456 (10th Cir. 1971); United States v. Ganter, 436 F.2d 364 (7th Cir. 1970); United States v. Kartman, 417 F.2d 893 (9th Cir. 1969); Burke v. United States, 400 F.2d 866 (5th Cir. 1968), cert. denied, 395 U.S. 919, 89 S.Ct. 1771, 23 L.Ed.2d 237 (1969).

amount of evidence tending to show that when he assaulted the agents he must have known of their official status. In any case, finding his arrest to have been valid and his resistance and assault on the agents unjustified and unlawful, we affirm the convictions on counts three and four.