**Sylvester WHITE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6403.**

District of Columbia Court of Appeals.

Argued Oct. 18, 1972.

Decided Dec. 7, 1972.

Arthur D. Bernstein, Washington, D. C., appointed by this court, for appellant.

John J. Mulrooney, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Robert S. Tignor, Asst. U. S. Attys., were on the brief, for appellee.

Before KERN, NEBEKER and YEAGLEY, Associate Judges.

KERN, Associate Judge:

Appellant was convicted of assault with a dangerous weapon, pursuant to D.C.Code 1967, § 22–502, upon a woman to whom he was not married but with whom he had been living and by whom he had had children. He argues that his conviction must be reversed because (1) the United States Attorney failed to notify the Director of Social Services that this assault constituted an "intra-family" offense, as required by D.C.Code 1967, §§ 16–1001 –06 (Supp. V, 1972), (2) the trial court improperly limited his counsel's attempt to cross-examine the complaining witness to demonstrate her bias toward him, and (3) the trial court failed to instruct on the issue of flight about which the Government presented evidence and reemphasized in closing argument.

■ We turn our attention to appellant's second argument. The Government's case consisted primarily of the complaining witness' testimony that appellant had stabbed her during an argument. Appellant's defense, on the other hand, was that the complainant's injury had occurred accidentally. Appellant's counsel, in an effort to show that her testimony was biased, posed this question on his cross-examination of complainant:[1]

---

1. Although counsel need not indicate to the court before he commences cross-examination what facts he seeks to elicit, Alford v. United States, 282 U.S. 687, 692, 51 S.Ct. 218, 75 L.Ed. 624 (1931), he may not ask questions of a witness that are

At the time of this alleged stabbing, did you have knowledge of another woman in [appellant's] life?

She answered, "Yes," but the prosecutor objected and the trial court sustained that objection and directed the jury to ignore her answer.

██ Although the trial court's reason for so ruling is not entirely clear on the record, it appears to have been of opinion that appellant was obliged to present *as a part of his own case* any evidence that might indicate bias on the part of complainant. However, possible bias on the part of a witness is an eminently proper subject for cross-examination and, therefore, the trial court erred in limiting appellant to proof of bias in the presentation of his defense. *See* Villaroman v. United States, 87 U.S.App.D.C. 240, 184 F.2d 261 (1950); Lindsey v. United States, 77 U.S. App.D.C. 1, 133 F.2d 368 (1942); Ewing v. United States, 77 U.S.App.D.C. 14, 21, 135 F.2d 633, 640 (1942), cert. denied, 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145 (1943).

██ The Government contends that appellant's cross-examination of the complaining witness was not in fact restricted because the trial judge indicated that he would permit appellant's counsel to inquire directly of the witness—Are you testifying because you are prejudiced against defendant? However, to have to frame the question in direct and *ultimate* fashion would almost certainly have invoked a negative answer from the witness. Furthermore, a question in such form and the answer it seeks to elicit renders the jury incapable of determining *by deduction from facts presented,* whether the testimony of a witness is a product of bias or prejudice and this impairs the function of the jury. *Accord,* United States v. Hogan, 232 F.2d 905, 907 (3d Cir. 1956); Gordon v. United States, 344 U.S. 414, 422, 73 S.Ct. 369, 97 L.Ed. 447 (1953). *See* Thompkins v. United States, D.C.App., 236 A.2d 443, 444–445 (1967). In short, the trial court's *offer to counsel that he might ask the ultimate question, without allowing him the opportunity to ask any preliminary questions,* constituted an improper limitation on appellant's right to cross-examine witnesses against him.

██ Given this impermissible restriction of appellant's right of cross-examination we must next assess any prejudice resulting therefrom. *See* Villaroman v. United States, *supra,* 87 U.S.App.D.C. at 241, 184 F.2d 261. The record shows that the instant case turned wholly on the credibility of complainant's version that the stabbing was intentional. There were no other Government witnesses who could significantly corroborate that the stabbing was intentional.[2] Under these particular circumstances we conclude that appellant was so prejudiced by the trial court's restriction of cross-examination of complainant that a new trial is warranted. *See* Alford v. United States, 282 U.S. 687, 692, 51 S.Ct. 218, 75 L.Ed. 624 (1931).

In view of our disposition of the appeal we need not reach appellant's other contentions. However, we note that the Government (1) conceded in its brief that the United States Attorney *must* notify the Director of Social Services of all cases involving intra-family offenses and (2) advised this court at oral argument that such notification has been a standard procedure since shortly *after* the indictment was returned in this case. Therefore, we are as-

---

totally groundless. United States v. Pugh, 141 U.S.App.D.C. 68, 71, 436 F.2d 222, 225 (1970). We note in the instant case that appellant's counsel represented to the court during bench conference that he had some information to support the questions he sought to ask the complaining witness.

2. Complainant was the Government's only eyewitness to the stabbing. Although complainant's son corroborated her testimony concerning certain other events occurring contemporaneously with the stabbing, he was not asked about, nor did he indicate affirmatively any knowledge of the actual stabbing. (Tr. at 78.)

sured that the Congressional mandate, *see* United States v. Harrison, D.C.Cir., 461 F.2d 1209 (decided February 1, 1972), will be followed before any retrial of appellant takes place.

Reversed.