**Pedro ARROYO, Plaintiff,**

v.

**Raymond BERNARD et al., Defendants.**

**No. 73 CIV. 1277.**

United States District Court,
S. D. New York.

Dec. 6, 1977.

Pedro Arroyo, pro se.

W. Bernard Richland, Corp. Counsel, City of New York by Christopher Houlihan, Asst. Corp. Counsel, New York City, for defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff, a *pro se* litigant, alleges in his complaint and during the trial while testifying under oath that eight members of the New York City Police Department deprived him of his civil rights by using excessive force in effecting his arrest. More specifically, plaintiff claims that the police fired at him, beat and kicked him while he lay helpless on the ground *after* having sustained five bullet wounds in his body, which had been inflicted during a running gun battle with the police. Jurisdiction is predicated on 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

Because of the serious nature of the allegations, the court employed to no avail substantial efforts to obtain counsel for this plaintiff. The plaintiff, now 25 years old, is incarcerated at Greenhaven Correctional Facility, Stormville, New York, serving a 15 year-to-life sentence for the attempted murder of Police Officer Raymond Bernard. The plaintiff's case was presented by placing plaintiff on the stand to testify under oath as to what allegedly happened the evening of April 13, 1972, when plaintiff was arrested and to testify to the incidents following his arrest and which he claims gave rise to the cause of action herein. Plaintiff participated in the trial by cross-examining defendants and their witnesses. Since plaintiff was a young pro se litigant the court also conducted additional and extensive cross-examination of all of defendants' witnesses.

After both sides rested, defendants' counsel made a motion that judgment should be entered in favor of the defendants. That motion is granted.

The court makes the following findings of fact: It is not disputed that plaintiff was apprehended by Police Officers Glickstein and Schmidt in the vicinity of a music store on Third Avenue near 118th Street on April 13, 1972, at approximately 6:20 P.M. after receiving a report that the store was being robbed. It is also undisputed that Officer Glickstein took physical possession of plaintiff a short distance from the music store. Plaintiff freed himself from Officer Glickstein and fled. According to plaintiff's own testimony, plaintiff seized from Officer Glickstein a gun before he fled. The officers testified that plaintiff had a gun in his possession which he reached for as he escaped Officer Bernard's grasp. The court finds this conflict in the testimony insignificant. It is undisputed that plaintiff had a gun, whether it was a gun belonging to Officer Glickstein or his own gun, which he used to fire on officers attempting to apprehend him. Plaintiff fired this gun in the direction of the police officers pursuing him, with the result that Police Officer Raymond Bernard's right hand along the outer side of the palm was grazed by the bullet which simultaneously fractured the handle of the officer's gun. After shooting the police officer or shooting at them, plaintiff continued to flee the police officers. Additional shots were fired, and this included additional shots by plaintiff.

After having been shot several times, plaintiff finally surrendered near a parked car on 117th Street, according to the evidence of several police officers, although plaintiff tended to place the scene of his final surrender at 118th Street. The court finds this discrepancy insignificant. The fact is that plaintiff and defendants both testified that plaintiff surrendered near a parked car after being shot several times. The testimony is undisputed that several police officers were firing shots at plaintiff as he continued to flee. Plaintiff claims that he was shot by the officers after he was on the ground and after he had surrendered. In support of this, plaintiff offered his Exhibit 1, the shoe, in evidence, which does show a bullet having entered the sole of the left shoe. The bullet hole is near the edge of the sole. The court finds that the shot entered the sole of that shoe as plaintiff was fleeing and as he was being shot at, as opposed to plaintiff's contention that a police officer walked up to him and fired directly into his shoe at close range. The record reflects that the bullet did not penetrate through plaintiff's foot, that it fragmented, and that some fragments went into the sole of the foot. This does not contradict the finding that the bullet went through the very edge of the inner sole of the left shoe and that the bullet was probably fired by an officer as plaintiff was fleeing.

Plaintiff testified that he was kicked by Officer Glickstein in the testicles after he had surrendered and was on the ground. He also testified that he was struck by the officers. The testimony of plaintiff varied on this point. At one point, plaintiff testified that an officer had struck him with a stick. Later, however, plaintiff said that he was kicked about the head and other parts of the body by the officers. The Metropolitan Hospital Record Emergency Sheet shows a small abrasion on the forehead. This negates a finding that plaintiff was struck or kicked by the police officers.

The hospital record fails to support plaintiff's contention that he was kicked in the testicles. The record of Metropolitan Hospital, to which plaintiff was admitted immediately after the shooting, discloses on the emergency sheet that plaintiff sustained a gunshot wound to the scrotum. A diagram records an abrasion to the testicle near the through and through gunshot wound in the right upper portion of the thigh. The evidence, therefore, supports defendants' contention that the injury to the testicle resulted from the bullet which penetrated the right upper thigh.

Plaintiff claims that he was shot first in the back. However, the testimony of all the police officers was to the effect that plaintiff fired first at Officer Bernard.

With respect to this conflict in the testimony, the court finds it difficult to credit the testimony of plaintiff that he was shot first. The court finds that plaintiff is generally not a credible witness. Therefore, as

opposed to the testimony of plaintiff, the court finds that plaintiff fired his gun first. By his own testimony, plaintiff seized an officer's gun and fled. This gave the officers a reasonable basis to conclude that plaintiff would use the gun against the officers.

The court concludes that plaintiff has failed to sustain his burden of proof that excessive force was used by the police officers in subduing him.

The police officers had the right to give chase and use their guns once the plaintiff fled and fired his gun. The Court of Appeals for the Second Circuit has stated, in dictum, that even if an arrest were made without probable cause, a defendant is not justified in responding by fleeing and aiming a gun at an agent. *United States v. Martinez*, 465 F.2d 79, 81–82 (2d Cir. 1972). Plaintiff was not justified in responding in the manner that he did. Thereafter, the police officers had the right to give chase and use their guns. Plaintiff sustained all of his injuries as a result of the ensuing gun battle with the police officers and not because of any excessive force.

The motion made by defendants at the close of the entire case to have judgment entered in favor of defendants is granted.