Carl A. CAMPBELL, Appellant,

v.

UNITED STATES, Appellee.

No. 2793.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 18, 1961.

Decided Oct. 10, 1961.

Miller W. Marshall, Washington, D. C., for appellant.

John R. Schmertz, Jr., Asst. U. S. Atty., Washington, D. C., with whom David C. Acheson, U. S. Atty., and Charles T. Duncan, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

SMITH, Judge.

This appeal challenges a conviction for carrying a pistol without a license in violation of Code 1951, § 22–3204 (Supp. VIII).

The record discloses that early on the morning of October 17, 1960, an officer of the Metropolitan Police Department was called to investigate a reported burglary. While conducting the investigation, he saw appellant's 2-door Ford sedan parked near the scene. Flashing his light inside, he noticed that the keys had been left in the ignition in violation of District law.[1] Upon opening the unlocked car door to remove the key, the officer observed a pistol lying on the floor board at the rear of the front seat in plain view. After removing the pistol and keys from the automobile, he placed a ticket charging failure to lock ignition on the windshield with a notation that the keys could be reclaimed at precinct headquarters. Later that morning appellant went to the precinct to claim his keys and elected to forfeit collateral on

---

1. D.C. Traffic and Motor Vehicle Regs. § 98 provides in part: "No person driving or in charge of a motor vehicle shall per mit it to stand unattended without first stopping the engine, locking the ignition, [and] removing the key * * *."

the traffic violation. Appellant was then charged with carrying an unlicensed pistol and was subsequently found guilty by the court sitting without a jury.

During the trial, the officer who had seized the keys and pistol testified that after appellant's name had been entered in the arrest book, he typed out on a police incidental a statement of the facts relating to the weapon charge. A carbon copy of this statement was made available to appellant's counsel but at trial he insisted on the original. Government counsel objected arguing that the back of the original sheet contained handwritten notes made by him and that the notes were not a verbatim account of an interview with a witness but were his own work product. The trial judge examined the notes on the back of the statement and ruled that appellant's attorney was not entitled to see them.

■ Primarily appellant contends that the trial court erred in not permitting him to examine the notes on the back of the original typed statement. In support of this argument appellant relies on the Jencks Act. 18 U.S.C. § 3500. Subsection (b) of this Act provides:

"After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use."

Subsection (e) of the statute defines the term "statement" as used in subsection (b) as:

"(1) a written statement made by said witness and signed or otherwise adopted or approved by him; or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness to an agent of the Government and recorded contemporaneously with the making of such oral statement."

We hold that the trial court was correct in refusing appellant access to the original document. An inspection of the carbon copy presented to appellant at trial reveals that it was an exact duplicate of the officer's statement which was in the possession of the Government. The handwritten notes on the original can in no way be called a record of the officer's testimony. They are memoranda that would aid the Government in preparation of its case and "not even the most liberal of discovery theories can justify unwarranted inquiries into the files and mental impressions of an attorney." [2]

■ Appellant next complains that the pistol was removed from his automobile in the course of an unreasonable search and seizure. This argument need not detain us long for the law is well founded that a police officer is not required to disregard or close his eyes to a dangerous instrumentality while investigating the violation of a law.[3]

Affirmed.

2. Hickman v. Taylor, 329 U.S. 495, 510, 67 S.Ct. 385, 393, 91 L.Ed. 451, 462.

3. See Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668; Ellison v. United States, 93 U.S.App.D.C. 1, 206 F.2d 476. Cf., Williams v. United States, D.C.Mun.App., 170 A.2d 233.