**Roosevelt F. MOSLEY, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 3623, 3624.**

District of Columbia Court of Appeals.

Argued Jan. 11, 1965.

Decided April 29, 1965.

---

Lawrence J. Winter, for appellant.

Patrick H. Corcoran, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., Frank Q. Nebeker and Earl J. Silbert, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellant was convicted by the court below, sitting without a jury, of carrying a dangerous weapon and possession of a prohibited weapon (D.C.Code 1961, §§ 22–3204, 22–3214(a)). This appeal claims error primarily in the refusal of the trial judge to grant appellant's motion to suppress the evidence relating to both weapons on the ground that that evidence was obtained through an illegal search and seizure.

Appellant's argument proceeds from the following set of circumstances: At about 1:30 in the morning, a police officer observed an automobile bearing District of Columbia tags traveling at a high rate of speed. The officer pursued the vehicle through a tortuous course across the northeast section of the District, attaining in the process speeds of 90 miles per hour. He lost sight of it momentarily, but was then directed to an alley by the dispatcher, who had been informed of the vehicle's tag number. Upon entering the alley, the officer observed an automobile, which he identified

as the one he had been chasing, parked so that no other vehicle could pass. He went directly to the operator's side of the car, and upon opening the door, immediately observed a homemade blackjack lying between the door and the seat. He then observed a "shiny object," under and even with the front seat, which proved to be a pistol. A paper bag containing 15 rounds of ammunition was found next to the gun.

While the officer was examining the weapons, he was notified by the dispatcher that several suspects were being questioned in front of the building behind which the vehicle was found. One of those suspects, appellant herein, subsequently identified himself to the officer as the owner and driver of the car. He was thereupon arrested.

Whether the evidence upon which appellant's conviction depended was illegally obtained, and therefore inadmissible, depends upon whether there was probable cause for the police officer to search appellant's car without a warrant. "It has repeatedly been held that the test of probable cause lies in what reasonably appeared to be the facts as viewed through the eyes of an experienced officer at the time." Freeman v. United States, 116 U.S.App.D.C. 213, 215, 322 F.2d 426, 428 (1963). In the instant case, the officer located a vehicle which he had moments before been pursuing at a high rate of speed. He did not know who or where the operator was, but could reasonably have suspected that the driver was still in the car. Acting accordingly, he opened the door and using his flashlight looked in. Plainly visible in front of him was the evidence objected to, the blackjack and the gun.

We do not think that under these circumstances it can be said that that evidence was illegally obtained. The officer was investigating a violation of the law, and had probable cause to arrest the operator of the vehicle. A rational place to look for the operator was in the vehicle, and with that in mind, the officer did not act

unreasonably in opening the door. Once the door was open, the officer, although not finding the driver, was not required to disregard the weapons which he saw. See Campbell v. United States, D.C.Mun.App., 174 A.2d 87 (1961).

Affirmed.