**Walter W. REED, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**Nos. 3691, 3692.**

District of Columbia Court of Appeals.

Argued April 26, 1965.

Decided June 16, 1965.

William J. Garber, Washington, D. C., for appellant.

John A. Terry, Asst. U. S. Atty., argued for appellee. David C. Acheson, U. S. Atty., Frank Q. Nebeker, Norman Lefstein and Patrick H. Corcoran, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellant was convicted of petit larceny (22 D.C.Code, 1961 § 2202) and of possession of a dangerous drug (33 D.C.Code, 1961 § 702). He was sentenced to 270 days' imprisonment on each conviction, the sentences to run concurrently. The primary error claimed by appellant is the alleged absence of sufficient evidence to support either conviction.

The arresting officer first saw appellant walking with another man, named Hendricks, in the 1300 block of G Street. The two men approached a parked truck bearing the name of Livingston Uniform Shop and looked into the side window. From the front seat of the truck, Hendricks removed a large box with the name of the firm imprinted on it, while appellant stood close behind him, keeping watch. As the officer approached and exhibited his badge, Hendricks dropped the box and ran. The officer then picked up the box,[1] placed appellant under arrest, and searched him. Later, while Reed was being booked in the cell block, the officer observed him reach into his right front pants' pocket, remove a white napkin and attempt to crush it in his hand. Upon opening the napkin, the officer found it contained three small white pills, stipulated to be phenobarbital, a barbiturate.

Under Code Section 33-701, the term "dangerous drug" encompasses all compounds, preparations and mixtures of barbituric acid. Phenobarbital is a derivative of barbituric acid[2] whose possession, unless obtained on a proper prescription or under certain prescribed conditions, is prohibited. Appellant did not establish that the drugs were properly in his possession by showing that he had received them under the terms of the exception. When an exception to a statutory crime is not so incorporated in its enacting clause, the burden of showing that the exception applies is upon the one asserting its applicability.[3] Appellant failed to carry this burden. We hold there was competent evidence to support appellant's conviction for possession of a dangerous drug.

In view of the imposition by the trial court of concurrent sentences for both offenses, there is no occasion to review the petit larceny conviction. Willis v. United States, D.C.App., 198 A.2d 751, 752 (1964); Fisher v. United States, D.C.Mun.App., 183 A.2d 553 (1962).

As we find no error, the judgments of conviction are

Affirmed.

1. Its contents were later identified by a Livingston employee as being in the corporation's truck when it left the store on the morning of the offense.

2. The American Illustrated Medical Dictionary (21st Edition) defines phenobarbital as "Phenylethylbarbituric acid or phenylethylmalonylurea * * *, a white colorless substance: used as a hypnotic in nervous insomnia and states of nervous excitement and as a sedative in epilepsy * * *"

3. Williams v. United States, 78 U.S.App. D.C. 147, 148, 138 F.2d 81, 153 A.L.R. 1213 (1943); Hagans v. District of Columbia, D.C.Mun.App., 97 A.2d 922, 924 (1953).