**Calvin JONES, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 5369.**

District of Columbia Court of Appeals.

Argued Oct. 13, 1970.

Decided Dec. 7, 1970.

Carl W. Berueffy, appointed by this court, for appellant.

C. Madison Brewer, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Warren R. King, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, KELLY, Associate Judge, and MYERS, Associate Judge, Retired.

MYERS, Associate Judge, Retired:

Under a duly issued warrant for search of an apartment, a police officer found the premises to be occupied by one Brown and others including appellant and one Edwards. All three men were arrested.[1] Appellant and Edwards, after trial by the court without a jury, were convicted of being knowingly present in an establish-

---

1. Brown was charged and subsequently acquitted of unlawful possession under D.C.Code 1967, § 33–402(a) which provides,
   [i]t shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this chapter.

ment where narcotic drugs were sold, administered or dispensed without a license in violation of D.C.Code 1967, § 22–1515(a):

> Whoever is found in the District in a gambling establishment or an establishment where intoxicating liquor is sold without a license or any narcotic drug is sold, administered, or dispensed without a license shall, if he knew that it was such an establishment and if he is unable to give a good account of his presence in the establishment, be imprisoned for not more than one year or fined not more than $500, or both.[2]

The exhibits found on the premises and introduced by the Government at trial were: five cookers, an envelope containing 150 empty gelatin capsules containing traces of white powder, eight syringes, eleven other needles, seventy other capsules, and other assorted narcotics paraphernalia. The officer also testified that Brown had "fresh needle marks and tracks on his arm." A Government chemist testified that chemical analysis revealed the presence of heroin traces in the capsules, in some of the cookers, and in some of the needles.[3] Appellant and Edwards denied seeing any narcotic paraphernalia on the premises, but the former admitted that he had known that

Brown was a narcotics user for at least nine months prior to their visit to the apartment.

We are not in accord with appellant's further contention that the word "administered", as used in the statute, should be construed to connote a two-party transaction but, on the contrary, it would also apply in event there was a self-administration of the drug.

It is settled law that criminal intent on the part of the possessor of illicit drugs can be presumed from the presence of a large quantity of narcotics paraphernalia easily visible on the premises. Johnson v. United States, D.C.App., 255 A.2d 494 (1969). We think the same rational applies to impart knowledge of the intended use to another individual present under the same circumstances. The amount of narcotics paraphernalia easily visible in the apartment plus the fresh needle tracks on Brown's arm support the presumption that narcotic drugs were being administered and that the appellant had knowledge of the same. Leary v. United States, 395 U.S. 6, 36, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

Other alleged errors have been considered and are found to be without merit.

Affirmed.

---

2. The information under which appellant was charged added the word "used" to "sold, administered or dispensed." However, this obvious clerical error was corrected at trial when brought to the attention of the prosecutor by the trial judge and affords no grounds for plain error. No objection was made to the elimination at trial and we find no prejudicial error thereby.

3. Appellant contends that our ruling in Edelin v. United States, D.C.App., 227 A.2d 395 (1967) that there must be more than a "trace" of usable or salable drugs in violation of § 33–402(a) requires reversal of the conviction here. We do not believe that the "traces" ruling applies to the presence of drugs after administration or is an essential element of the offense charged under § 22–1515.