**Francis WELLS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5663.**

District of Columbia Court of Appeals.

Argued June 30, 1971.

Decided Sept. 17, 1971.

Alan Dranitzke, Washington, D. C., appointed by this court, for appellant.

James A. Adams, Asst. U. S .Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Lawrence P. Lataiff, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, FICKLING and PAIR, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted of being present in an illegal establishment in violation of D.C.Code 1967, § 22–1515(a) (PIE).[1] On this appeal he raises a number of challenges to that conviction. After careful review of the record, however, we find no reversible error and we affirm.[2]

Pursuant to a search warrant, police officers entered apartment 1 at 1311 Rhode Island Avenue, N.W., and recovered a syringe and cooker in plain view on the kitchen table, two tinfoil packets containing 280 milligrams of heroin and two syringes from behind the living room couch, a syringe and cooker from a dresser drawer in the living room, and a bottle containing methadone, a dangerous drug, from a kitchen cabinet. The syringes and cookers contained small amounts of heroin. The officers also recovered four envelopes of marijuana from the pocket of a coat hanging in a wardrobe. There were several persons present in the small apartment during the search and, when the officers posed a question to the group concerning the ownership of the coat, appellant answered, "It is my coat, bought and paid for." He was then arrested and charged with possession of marijuana and presence in an illegal establishment. Appellant later denied ownership of the coat and denied making the above statement. He testified that he was at the apartment to pick up a minor child who was present there and to return her to his home where she resided. He further testified that there were no narcotics paraphernalia on the kitchen table until the officers placed them there after the search.

■ At the outset we would point out that there was sufficient evidence here to overcome a motion for a judgment of acquittal and to allow the jury to decide the question of appellant's knowledge of any illegal activity. A useable quantity of heroin was found along with narcotics paraphernalia, some of which were still in plain view after the officers entered. See Cook v. United States, D.C.App., 272 A.2d 444 (1971). The fact that some narcotics and paraphernalia were found under the couch suggests that they may have been placed there hurriedly upon the arrival of the police. The jury could have found as a matter of fact that these articles had been seen by appellant. Under these circumstances the jury could have found that narcotics were being administered and that a sufficient amount of paraphernalia were easily visible, thereby imparting knowledge of the illegal activity to appellant. See Jones v. United States, D.C.App., 271 A.2d 559 (1970).

In regard to the PIE charge, the appellant requested the court to instruct the jury that the Government had to prove, as an element of the offense, that he was present in the apartment with an intent to participate in the illegal activity since he contends that presence with knowledge of illegal

---

1. D.C.Code 1967, § 22–1515. Presence in illegal establishments.
    (a) Whoever is found in the District, in a gambling establishment or an establishment where intoxicating liquor is sold without a license or any narcotic drug is sold, administered, or dispensed without a license shall, if he knew that it was such an establishment and if he is unable to give a good account of his presence in the establishment, be imprisoned for not more than one year or fined not more than $500, or both.

2. Appellant was also charged and tried for possession of marijuana. That trial resulted in a hung jury. After appellant was sentenced for the PIE conviction, the Government dismissed the possession charge.

activity is not enough absent an intent to participate. The appellant also sought an instruction requiring the Government to prove beyond a reasonable doubt the absence of a "good account" defense.

The trial judge properly refused to instruct the jury as appellant requested on these issues.

■ To convict for PIE the prosecution must prove three elements beyond a reasonable doubt: (1) presence, (2) knowledge, and (3) "culpable intent." United States v. McClough, D.C.App., 263 A.2d 48 (1970). The "culpable intent" mentioned in *McClough,* however, is not an intent to actually participate in the illegal activity. Rather, one must merely intend to be present in the establishment while knowing of the illegal activity taking place.

■ "Good account" is a statutory affirmative defense and, as such, not an element of the offense to be proved by the prosecution. United States v. McClough, *supra,* 263 A.2d at 53. "[W]hen a criminal statute sets forth an exception, which exception is not a part of the crime, but operates to prevent an act otherwise included in the statute from being a crime, the burden is on the defendant to bring himself within the exception." 7 Fifths Old Grand-Dad Whiskey v. United States, 158 F.2d 34, 36 (10th Cir. 1946), cert. denied, 330 U.S. 828, 67 S.Ct. 870, 91 L.Ed. 1277 (1947); United States v. Holmes, 187 F.2d 222, 224 (7th Cir.), cert. denied, 341 U.S. 948, 71 S.Ct. 1015, 95 L.Ed. 1372 (1951). This jurisdiction has long applied the same rule. Williams v. United States, 78 U.S.App.D.C. 147, 138 F.2d 81 (1943); Williams v. United States, D.C.App., 237 A.2d 539 (1968); Reed v. United States, D.C.App., 210 A.2d 845 (1965). Therefore, the prosecution need not prove beyond a reasonable doubt the absence of a good account; appellant himself must prove this defense.

■ Appellant also contends that since no *Miranda* [3] warnings were given, the trial judge should have suppressed his alleged statement in regard to ownership of the coat. We do not agree. *Miranda* applies only to custodial interrogation. We do not think that the fact that a person is present and is requested to be seated during the execution of a search warrant in itself creates custody. People v. Fischetti, 47 Ill.2d 92, 264 N.E.2d 191 (Sup.Ct.Ill.1970); People v. Cerrato, 24 N.Y.2d 1, 298 N.Y.S. 2d 688, 246 N.E.2d 501 (1969), cert. denied, 397 U.S. 940, 90 S.Ct. 951, 25 L.Ed.2d 120 (1970). Nor do we think there was any interrogation of an accused. To ask a group of persons not in custody about the ownership of a coat is not an interrogation of a suspect as contemplated by *Miranda.*

■ Finally, we find no merit to appellant's contention that the trial court erred when it gave a "missing witness" instruction. The record reveals that there were several of appellant's friends who were present in the apartment at the time of the execution of the search warrant, who had material information which could have elucidated the events of that evening, and who were peculiarly available to him.

Affirmed.

3. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).