**William H. LYONS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7207.**

District of Columbia Court of Appeals.

Argued Nov. 13, 1973.

Decided Feb. 18, 1974.

----◆----

Harvey Kaye and Gary M. Hoffman, Washington, D. C., appointed by this court, for appellant.

Joseph B. Valder, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and James A. Adams, Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and KERN and HARRIS, Associate Judges.

PER CURIAM:

This is an appeal from a judgment of conviction for carrying a pistol without a license in violation of D.C.Code 1973, § 22–3204. Appellant contends the trial court erred in refusing after a pretrial hearing to grant appellant's motion to suppress the pistol as evidence.

The record reflects that three police officers on patrol in an unmarked cruiser saw appellant walking down the street. Believing appellant was a "major narcotics violater", the officer who was driving stopped the cruiser and said, "That looks like the guy we want on the bench warrant." He left the patrol car and confronted appellant, who presented the officer with identification which satisfied him that appellant was not wanted on the bench warrant. Both continued to converse in a friendly manner for several minutes. While they were talking, one of the officers who had remained in the cruiser observed appellant move as if to keep his back away from the officer talking with him and observed appellant reach several times to put his hand on his back pocket. The movement of appellant's body and hands drew the officer's attention to a bulge in appellant's rear pocket which had the shape of a weapon. That officer moved out of the car and took a pistol from appellant's rear pocket.

Appellant forcefully argues that however reasonable might have been the one officer's decision to briefly stop appellant for investigation, as soon as he discovered that appellant was not the person for whom a warrant had been issued, justification for the stop was dispelled. Therefore, the attendant frisk was unlawful under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

■ Such a contention in our view ignores the requirement that the reasonableness of the stop and frisk must be judged upon the basis of how the situation appeared to the officer who actually conducted the frisk. Mosley v. United States, D. C.App., 209 A.2d 796 (1965); Freeman v. United States, 116 U.S.App.D.C. 213, 215, 322 F.2d 426, 428 (1963). The "frisking" officer had not been able to hear the con-

versation taking place between appellant and his partner and did not himself talk with his partner before reaching into appellant's pocket and discovering the pistol. His still unaltered belief that appellant was wanted on a warrant, coupled with his observation of movements by appellant that were suggestive to his trained eye, justified his reasonable belief that appellant might have been armed and dangerous.[1]

Affirmed.

---

1. Appellant argues also that even if the officer reasonably believed him to be armed, it was not reasonable for the officer to believe he was dangerous. We disagree. Under the facts of this case, the reasonable belief that the detainee was armed necessitated the conclusion that he might also be dangerous.