SCHWAB, C. J.
Defendant was convicted upon trial by jury of violating ORS 166.270 prohibiting a convicted felon from possessing a firearm. On appeal defendant makes three assignments of error, only one of which warrants discussion — his contention that the court should have suppressed the statements made by him to the police because the interrogation which led to the statements was custodial and not preceded by the advice required by Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).
The police received a telephone call directing them to a restaurant. The caller described a man sitting at the counter and informed them that a man’s coat which was at the back end of the restaurant contained a gun. Five policemen went to the scene and observed defendant and two others sitting at the counter. Defendant matched the description provided by the telephone caller. Three of the officers walked over to the defendant, the fourth attempted to locate the person who had called the police, and the fifth proceeded to the back of the restaurant to locate the coat. He found the coat, picked it up and asked generally of all the people in the restaurant, "Whose coat is this?” Defendant replied that it was his. The policeman then felt the pocket of the coat, noted a hard object, reached inside and removed a pistol. He then asked, "Whose gun is this?,” or words to that effect, and the defendant replied that it was his. At that juncture defendant was given his Miranda rights and placed under arrest.
Miranda warnings are required only when the defendant is subjected to a "custodial interrogation.” 384 US at 444. The police are entitled to pursue "[gjeneral on-the-scene questioning as to facts surrounding a crime * * *” without giving Miranda warnings. 384 US at All-IS. The police have a right to interview any person at an on-the-scene investigation who is "* * * not in custody and not subject to coercion in any form for the purpose of determining whether a *[134] crime has been committed and who committed it.” State v. Taylor, 249 Or 268, 271, 437 P2d 853 (1968). Police interrogations conducted at a third person’s place of business have generally been held not to constitute "custodial interrogations.” Annotation, 31 ALR3d 565, 609-10 (1970). For situations substantially similar to the case at bar in which courts have held that the inquiries did not constitute "custodial interrogation,” see District of Columbia v. M.E.H., 312 A2d 561 (DC 1973), and Wells v. United States, 281 A2d 226 (DC 1971), cert denied 405 US 995 (1972).
Affirmed.